**In re Terese M. RUDY, Debtor.**

**Terese M. RUDY, Plaintiff,**

**v.**

**STATE OF OREGON, acting By and Through MARION COUNTY COMMUNITY CORRECTIONS and the District Attorney for Marion County, Oregon, Defendants.**

**Bankruptcy No. 387–04544–H13.**
**Adv. No. 88–0360–H.**

United States Bankruptcy Court,
D. Oregon.

Oct. 28, 1988.

Eric Olsen, Salem, Or., for plaintiff.

Mary Lou Calvin, Asst. Atty. Gen., for defendants.

OPINION

HENRY L. HESS, Jr., Chief Judge.

The plaintiff seeks to enjoin the State of Oregon from revoking the plaintiff's probation for failure to make restitution payments. The plaintiff was represented by Eric Olsen of Salem, Oregon. The defendants appeared through Mary Lou Calvin, Assistant Attorney General.

The plaintiff was convicted of four counts of passing bad checks. The court sentenced the plaintiff to a term of probation, conditioned upon plaintiff's making restitution payments to the payees of the bad checks.

Plaintiff subsequently filed a Petition for Relief under Chapter 13. The confirmed plan called for a distribution of 100% upon general unsecured claims. Neither the State nor the recipients of the bad checks filed claims, and no distribution was made upon the restitution obligation by the trustee.

The plaintiff completed the payments called for in her plan, and a discharge was entered under 11 U.S.C. 1328(a). The plaintiff contends that the State nevertheless has threatened to revoke her probation be-

cause of her failure to pay the full amount of the restitution obligation.

The issue is whether the restitution obligation was discharged under 11 U.S.C. § 1328(a). The court previously announced that it adopted the reasoning of the majority of the Bankruptcy Appellate Panel in *In re Heincy*, 78 B.R. 246 (9th Cir. BAP 1987). Accordingly, on September 27, 1988 the court orally ruled that the restitution obligation was discharged and that an injunction should issue. Three days later, the BAP opinion in *Heincy* was reversed by the Ninth Circuit. *In re Heincy*, 858 F.2d 548, 549 (9th Cir.1988). The State has requested that this court reconsider its rulings in light of the Ninth Circuit opinion.

In reversing the BAP, the Ninth Circuit did not determine whether the restitution obligation is dischargeable under § 1328(a). Instead, the court relied upon the rule that federal courts should not "restrain a [state] criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." *In re Heincy*, 858 F.2d 548, 549 (9th Cir.1988) (quoting *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed. 2d 669 (1971)). The Ninth Circuit found that the plaintiff did have adequate remedies at law.

The various remedies suggested by the Ninth Circuit all involved payment in full of the restitution obligation. However, that conclusion may be the result of the unique facts of the case. In *Heincy*, the plan did not purport to deal with the restitution debt, and the debtor (and Ninth Circuit) therefore treated the debt as if it were unaffected by the plan. The court did not discuss whether there could be an adequate remedy at law where, as in the instant case, the plan dealt with the restitution obligation, and an Order of Discharge was entered, but the State nevertheless continued with proceedings designed to imprison the debtor for failure to make the full payments called for by the restitution order.

Therefore, the Ninth Circuit's opinion does not undermine the logic of the BAP in reaching the conclusion that the restitution obligation is a debt which was subject to discharge under § 1328(a). I find that the restitution obligation was discharged for the reasons stated by the BAP in *Heincy*. The debtor has no adequate remedy at law, as absent an injunction the debtor will be subject to imprisonment for nonpayment of a discharged obligation. An appropriate order will be entered.